UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD NORMAN** | : | Case No. 1:08-CV-2531 |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

The Commissioner of Social Security ("Commissioner") denied social security benefits to the Claimant, Donald D. Norman ("Norman"), in the above-captioned case. Norman sought judicial review of the Commissioner's decision, and this Court referred the case to Magistrate Judge Gregory A. White ("Judge White") for preparation of a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(1) and 28 U.S.C. §636(b)(1)(B). Both parties filed briefs in support of their respective positions. (Docs. 12, 14.) On July 14, 2008, Judge White submitted his R&R recommending that the decision of the Commissioner be vacated and the case remanded for further proceedings. (Doc. 15.) The Commissioner filed a timely objection to the R&R. (Doc. 16.) For the following reasons, having conducted a de novo review of those portions of the R&R to which an objection was filed, the Court **OVERRULES** the Commissioner's Objections (Doc. 16) and **ADOPTS** the R&R in full. Accordingly, this action is **VACATED** and **REMANDED** for proceedings consistent with the R&R and this order.

**STANDARD OF REVIEW**

In cases that are referred to a magistrate judge for preparation of an R&R, the Federal Magistrates Act requires that a district court conduct a *de novo* review only of those portions of a R&R to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action, however, is not *de novo*.  Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.  *Id.*  To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  Further, a district court must not focus, or base its decision, on a single piece of evidence.  Instead, a court must consider the totality of the evidence on record.  *See Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact.  The Sixth Circuit instructs that "[t]he substantial evidence standard allows considerable latitude to administrative decision makers.  It presupposes that there is a *zone of choice* within which the decision maker can go either way without interference by the courts."

2

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)) (emphasis added).  Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Nevertheless, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## **ANALYSIS**

The Court finds Judge White's R&R to be thorough and well-reasoned.  The Court, indeed, adopts and incorporates his analysis here.  Nevertheless, it is useful to respond briefly to the two narrow objections that were filed in response to the R&R, both of which were lodged by the Commissioner.  First, the Commissioner asserts that, contrary to the R&R's conclusions, it was unnecessary for the ALJ to include a more complete discussion of Norman's obesity.  Second, the Commissioner asserts that it was improper for the R&R to suggest that the ALJ, on remand, should include a more detailed analysis of Norman's diabetic symptoms.  Neither of these objections are well-taken.

First, it is clear that the ALJ failed to fully consider the impact of Norman's obesity on the record.  It is true, as the R&R correctly acknowledged, that an ALJ need not employ a "particular mode of analysis" when considering the impact of obesity.  *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411–12 (6th Cir. 2006).  Yet, the ALJ must still "consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation."  *Nejat v. Comm'r of Soc. Sec.*, 2009 U.S. App. LEXIS 28206, at *8 (6th Cir. Tenn. Dec. 22, 2009)

3

(citing *Bledsoe*, 165 Fed. Appx. at 411–12). Put simply, this is more than a requirement that the ALJ mention the fact of obesity in passing: "courts . . . remand[] even for a mere failure to consider obesity." *Macaulay v. Astrue*, 262 F.R.D. 381, 390 (D. Vt. 2009) (citations omitted); *see also Johnson v. Astrue*, Case No. 08-3658, 2010 U.S. Dist. LEXIS 2100, at *58 (S.D. Tex. Jan. 11, 2010) ("[T]he ALJ should develop the record on the issue of [the claimant's] obesity and how her obesity impacted her ability to function and work . . . ."); *Priestley v. Astrue*, Case No. 6:08-546, 2009 U.S. Dist. LEXIS 109860, at *6 (D.S.C. 2009) ("[T]he ALJ merely claimed he considered Plaintiff's obesity in determining his assessment. He failed to provide any explanation as to how this severe impairment factored into his assessment. Given this utter lack of explanation, the Government was not substantially justified in taking the position that the ALJ properly executed his duties with regard to assessing Plaintiff's obesity.").[1] The Commissioner's assertions to the contrary are not well-taken. (*See* R&R at 14 ("[T]he ALJ appears to have analyzed Norman's limitations not as they actually existed, but rather from the hypothetical standpoint of what Norman's limitations would be if he lost weight as recommended by his physicians.").)

The Commissioner's second objection, that the R&R should not have suggested that the ALJ include a more detailed analysis of Norman's diabetic symptoms on remand, is also not

---

[1] The Commissioner argues that an ALJ need not discuss obesity extensively when a plaintiff's "claims [do] not indicate that obesity [is] a significant impairment . . . ." *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx. 852, 857 (6th Cir. Tenn. 2003). While true, this observation does not undermine the R&R's conclusions, because there does not appear to be any question from the record that obesity is a serious consideration in this case. (*See* R&R at 12 n.4 ("Though the ALJ was not bound to find that Norman was obese or that his obesity resulted in a severe limitation, the ALJ's opinion omits any discussion of Norman's obesity at step two of his analysis despite [the ALJ's] clear belief that Norman was 'obese.' [The ALJ] stated several times in his opinion that Norman's obesity factors into his decision.").) The Commissioner, indeed, <u>does not object to the R&R's factual conclusions in this regard</u>. (*See* Doc. 16 at 2 (citing to *Cranfield*, but not challenging the R&R's conclusion that obesity is a serious consideration in this case).)

4

well-taken. Indeed, it is somewhat of a stretch to categorize this as an objection at all – the R&R did not reach the question of whether "the ALJ adequately considered Norman's diabetes." (R&R at 17.) Rather, the R&R suggested that "a more detailed analysis of Norman's diabetes would have been preferred and the ALJ should include a more thorough examination of this issue in his opinion [on remand]." (*Id*.)[2] As much to the point, this Court agrees with Judge White: whatever the bare minimum necessary to sustain a judgment, it would be far better for ALJs to ensure that they fully explain their reasoning on the record to allow for appropriate appellate review. *See Adams v. Comm'r of Soc. Sec*, Case No. 1:07-2543, *slip op*. 21 (N.D. Ohio Sept. 25, 2008) ("This Court would have strongly preferred to see an explicit analysis of each of these factors in connection with the decision to reject the treating physician's recommendation. An ALJ who leaves the Court to "guess" whether that ALJ appropriately applied particular factors puts himself at great risk for remand." (emphasis in original)); *cf. Winning v. Comm'r of Soc. Sec.*, Case No. 5:07-CV-3688, 2009 U.S. Dist. LEXIS 88935, at *38 (N.D. Ohio Sept. 28, 2009) ("The Court recognizes that the record may contain evidence which otherwise supports the ALJ's decision. The Court requires, however, that the ALJ follow the procedures set forth in the SSA regulations so that the Court can ascertain whether the ALJ's decision is, in fact, supported by substantial evidence.").

## **CONCLUSION**

For the aforementioned reasons, having conducted a de novo review of those portions of the R&R to which an objection was filed, the Court **OVERRULES** the Commissioner's

---

[2] It is clear from the surrounding context that the R&R is offering a suggestion to avoid potential difficulty should further appellate review be necessary, rather than reaching the question of whether the ALJ's conclusions regarding Norman's diabetes, as currently articulated, are supported by substantial evidence. The Commissioner should welcome such cautionary advice to the ALJ.

5

Objections (Doc. 16) and **ADOPTS** the R&R (Doc. 15).  Accordingly, this action is **VACATED** and **REMANDED** for further proceedings consistent with the R&R and this Order.

      **IT IS SO ORDERED.**

                                                  **s/Kathleen M. O'Malley**
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: March 1, 2010