**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DONALD NORMAN, ) | |
| ) | CASE NO. 1:08-CV-2531 |
| Plaintiff, ) | |
| ) | JUDGE KATHLEEN M. O'MALLEY |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | MAGISTRATE JUDGE GREG WHITE |
| Commissioner of Social Security ) | |
| ) | **REPORT & RECOMMENDATION** |
| Defendant. ) | |

Plaintiff Donald Norman ("Norman"), through counsel John Paul Oreh ("Oreh"), filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 20.) The Commissioner of Social Security ("Commissioner") filed a response to Norman's motion arguing that EAJA fees are not appropriate in this case. (Doc. No. 21.) This matter was referred for a report and recommendation. (Doc. No. 22.) For the following reasons, it is recommended that Norman's motion for attorney's fees be GRANTED.

**I. Procedural History**

The instant action was filed on October 24, 2008. (Doc. No. 1.) On July 14, 2009, the undersigned issued a Report and Recommendation ("R&R") suggesting that the matter be remanded for a "new opinion that addresses the following: (1) whether Norman's obesity constituted a severe impairment; (2) whether his obesity, in combination with other impairments meets or equals a listing; (3) the impact of his obesity, if any, on his [residual functional capacity]; and (4) if applicable, whether Norman's obesity was caused by his failure to follow prescribed treatment." (Doc. No. 15.) On March 1, 2010, the Court adopted the R&R, vacated

the decision of the Commissioner, and remanded the matter for further proceedings. (Doc. No. 19.) Norman filed a timely motion for attorney fees pursuant to the EAJA in the amount of $4,996.99, representing 28.6 hours at $174.72 per hour, payable directly to counsel. The Commissioner opposes the request and asserts that the government's position was substantially justified. (Doc. No. 21.) The Commissioner also challenges the sum requested by counsel, arguing that it should be reduced by 2.3 hours ($401.00). *Id*.

## II. Analysis

**A.      Applicable Law**

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Norman is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989). The pertinent inquiry is whether the Commissioner's litigating position had a reasonable basis in law and fact. *Pierce*, 487 U.S. 552, 565. The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, does not "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id*.; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

**B.      Commissioner's Litigation Position**

The Commissioner asserts that his position was substantially justified because "there was a rational basis for assuming that the ALJ's decision should be defended." (Doc. No. 21 at 3.) In support of this statement, the Commissioner relies primarily upon the ALJ noting that Norman was overweight, doctor recommendations that Norman lose weight, and medical tests unrelated to Norman's obesity that were unremarkable or showed only slight abnormalities. (Doc. No. 21 at 3-4.) The Commissioner also points out that finding the government's position to be incorrect

2

does not automatically render it unjustifiable.  *See Jackson v. Chater*, 94 F.3d 274, 279-280 (7th Cir. 1996) ("being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action.")

The Court found that "it is clear that the ALJ failed to fully consider the impact of Norman's obesity on the record."  (Doc. No. 17 at 3.)  The Court, quoting the R&R, also noted that "the ALJ appears to have analyzed Norman's limitations not as they actually existed, but rather from the hypothetical standpoint of what Norman's limitations would be if he lost weight as recommended by his physicians."  *Id*. at 4, *quoting* R&R at 14.  Social Security Ruling ("SSR") 02-01p requires that a claimant's obesity be considered, albeit it does not establish a specific procedure for analyzing its impact on a claimant.  "Social Security Rulings are binding on all components of the Social Security Administration.  These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'"  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).  Nonetheless, the ALJ plainly failed to address Norman's obesity and its contributing impact.  *See Priestley v. Astrue (In re McChesney)*, 2009 U.S. Dist. LEXIS 109860 (D.S.C. 2009) (finding the government's position was not substantially justified where the ALJ merely claimed he considered the plaintiff's obesity, but failed to provide any explanation as to how this severe impairment factored into his assessment).

Thus, viewing the government's litigation in its entirety, the Commissioner was not substantially justified in defending a decision that failed to follow binding procedures.  As such, it is recommended that Norman be awarded attorney's fees under the EAJA.

## C.  Payment

The Commissioner has not challenged the hourly rate requested by counsel, but argues that certain activities performed by counsel should not be included in an award of attorney's fees.  (Doc. No. 21 at 5.)  Specifically, the Commissioner challenges 2.3 hours of the requested 28.6 as consisting of administrative and clerical work that is not recoverable under the EAJA.  *Id*.  The Commissioner challenges attorney Oreh's review of electronically filed documents, review of electronic notice of filed documents, preparing service documents, drafting the

complaint, and preparation of a letter containing filing instructions.  *Id*.  The Court disagrees.  It is not unreasonable for a diligent attorney to spend a few minutes reviewing the electronic notice of documents filed with the Court.  For the most part, the time requested for such work was rather minimal (*i.e.* one-tenth of an hour or six minute increments).  Notably, Oreh does not include time spent actually filing documents.  As such, the Court finds no basis for altering the fee request submitted by Norman through counsel.

The Sixth Circuit recently held that pursuant to the EAJA, attorney fees are to be awarded to the plaintiff who is the "prevailing party," not his counsel.  *Bryant v. Comm'r. of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009).  This holding was found to be applicable even when a written fee contract was entered into calling for assignment of any EAJA award to the attorney.  *See Rosenstiel v. Astrue, Comm'r. of Soc. Security*, 2009 WL 3061996, *2, Case No. 2:08-231 (E.D. Ky. Sept. 22, 2009)(unpublished).  Nonetheless, the United States Supreme Court has noted that statutory fee awards can coexist with private fee arrangements.  *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990).  Under § 1988, which legal principles are similar to the EAJA, the Supreme Court has noted that "it is the party's right to waive, settle, or negotiate" a claimant's eligibility to attorney fees.  *Venegas*, 495 U.S. at 87-89; *see also Astrue v. Ratliff*, 2010 U.S. LEXIS 4763 (U.S. June 14, 2010) (finding that claimants, and not their attorneys, are the prevailing parties under the EAJA, but noting the Government's practice of direct payment to attorneys where claimants do not owe a debt to the government and the claimants have made an assignment of their rights to receive attorneys fees).

In the instant matter, Norman attached a sworn affidavit showing that on May 21, 2010, he consented to have all EAJA fees assigned to counsel.  (Doc. No. 20-3.)  The Commissioner did not object.  Therefore, it is recommended that attorney fees in the sum of $4,996.99 be awarded to attorney Oreh.

### III.  Conclusion

It is recommended that Norman's application for attorney fees under the EAJA (Doc. No. 20) be GRANTED and that attorney Oreh be awarded the sum of $4,996.99.

s/ Greg White
United States Magistrate Judge

Date: June 29, 2010

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**